ROBERTS *versus* STODDER'S Adm'or.

'1. In an action, brought upon a written instrument, stipulating for the payment of a certain sum, whenever the transfer of a lease should have been made, by the plaintiff to the defendant—held, that evidence, shewing that a stranger had enjoyed possession of the leased premises, under a tenancy from the defendant, was sufficient to authorise the plaintiff to maintain his action—and, for the jury to infer, that the transfer had been made of the lease.

This action was trespass on the case, in Mobile Circuit court, commenced by Stodder, in his life time, upon an agreement, in writing, whereby Roberts agreed to pay to the former, a certain sum of money, in consideration of the transfer, to the latter, of the unexpired term of a lease-hold estate. The transfer seemed to have been regarded as a condition, precedent to the payment of the money: and, in the plaintiff's declaration, the usual averments were made, alleging performance of the condition; and the possession of the defendant, in the lease-hold, &c.

The chief evidence relied on, by the plaintiff, in support of his action, was, that one Norris, (a witness,) had occupied the leased premises, under a tenancy from Roberts, for two years. The court being asked, in reference, to this testimony, to instruct the jury, that it was insufficient to authorise the maintenance of the plaintiff's action—refused; and charged the jury, that from the evidence of the tenancy by Norris, they might legally infer, that the transfer of the lease, had been made; and, that it was sufficient, in law, to enable the plaintiff to sustain his action.

The question thus raised, was assigned, in error, in this court.

*Elliott,* for plaintiff—*Hitchcock, contra.*

SAFFOLD, J.—The action was trespass on the case, brought by the defendants intestate, against the plaintiff in error, on an instrument in writing—so much of which, as is material to be noticed, contains a promise and undertaking on the part of Roberts, to pay to Stodder, the intestate, in his life time, three hundred and fifty dollars, when the former should receive from the latter, a transfer for the unoccupied term of a lease, which had about four years to run; the premises being therein described. The declaration by Stodder, averred, in this respect, that the above amount of money was to be paid to him, "when he, the said Roberts, should have made to him a transfer for the unexpired term of lease, (which was estimated at about four years from the date of said instrument,) of a house then, (meaning the time of the date of said instrument,) occupied by the said Seth Stodder, described as the second house north of Hallet's wharf, on the east side of Water street," and that "the said Seth Stodder avers, and in fact saith, that he did make to said William Roberts, a transfer for the unexpired term of said lease, and did, then and there, assign the same to the said William Roberts, on the 11th day of May, in the year of our Lord 1826;" and he further avers, that the said Roberts then was, and had been, for a long time previous thereto, to wit, from the first day of February, 1826, and yet is, in peaceable possession of said premises, by virtue of the agreement aforesaid.

To this declaration, Roberts pleaded the general issue. Exceptions, taken on the trial, show, that the only evidence of the transfer of the said lease, in the above instrument in writing mentioned, or of the tender of the lease, by the plaintiff, to the defendant, was the testimony of David Norris, upon which the plaintiff wholly relied—who testified, that he, as a tenant under the defendant, had occupied the premises mentioned in the said lease, in the instrument mentioned, for two years.

Upon this evidence, the defendant, by his counsel, moved the court, to instruct the jury, that the testimony offered by the plaintiff, was not sufficient to enable him to support his action against the defendant. This, the court refused: and, on the contrary, instructed the jury, "that, from the evidence of the said Norris, herein before mentioned, they might legally infer, that the said lease had been transferred, by the said plaintiff, to the said defendant, before the commencement of this suit, and, that it was sufficient, in law, to enable the plaintiff to sustain his action. The charge refused, and the instructions given to the jury, are the causes assigns for error.

The plaintiff below has treated the contract, which is the foundation of the action, as an agreement, requiring performance, on his part, as a condition, precedent to his right of action. His declaration avers, that he did make the lease contracted for, long previous to the institution of his suit—and, in argument, he contends the same: so that, in fact, there is no contest respecting the nature of the covenant: consequently, it is unnecessary to scrutinise the au-

thorities, referred to by the counsel for the plaintiff in error, on this point. The only question is, whether, according to the instructions of the judge of the Circuit court, the jury were authorised, from the testimony of Norris, to infer, that a transfer of the lease had been made from Stodder to him : and, whether, in that event, the proof was sufficient to enable the former to recover. The existence of the previous contract, that Stodder should transfer the unexpired term of the lease to Roberts ; and the testimony, that Norris had occupied the premises for two years, as tenant under Roberts—were, surely, circumstances tending to create a presumption, that the contract had been complied with. The fact, also, as disclosed in the written contract, that, at the time it was made, Stodder occupied the premises ; and, the additional fact, that no objection appears to have been made, on the trial, as to the materiality of the time, during which Norris occupied, are circumstances, strengthening that presumption, and warranting the conclusion, that it was within the time contemplated for the sub-lease.

There is nothing in the record, conclusively shewing, whether the transfer of the lease, as contracted to be made, or, as averred, in the declaration, to have been made, was verbal, or in writing ; and, it may be true, as contended, by the defendant in error, that, if it were verbal, and resisted in due time, and in proper form, on that ground, it would have been declared void, under the statute of frauds. Yet, there would have been nothing illegal or immoral in the due execution and fulfilment of it, by the voluntary acts of the parties : and, such compliance, when fully executed, would have been a sufficient con-

sideration, to sustain the promise to pay the price agreed on.   If the transfer was in writing, it may have been attested, or it may not,—in whatever written form, the evidence thereof is presumed to have been in the possession of Roberts, the plaintiff in error.   If he had accepted the transfer in either of the forms suggested; and enjoyed the possession, it is with an ill grace, that he can afterwards, object to its sufficiency, until, at least, he has been molested in the possession.   If, on the contrary, Roberts obtained the possession by any other means, the presumption is, that he could have made proof of it, to rebut the presumption of his having received the possession from Stodder.

I would not be understood, to maintain, that the execution of deeds, or other solemn instruments, can be proved by parol, without producing them, or accounting for their absence; or, that their contents can be thus proved.   It is a well established rule of evidence, that such instruments must be proved by the higest evidence, the nature of the case admits of, and which is in the party's power to produce : and, when known to be in the possession of the adverse party, notice is required to be given to him, to produce the instrument, before parol evidence of its contents, is admissible.   But, here the facts are diffent—as it does not appear, in what manner the lease was contracted to have been transferred, and a presumption has been created in the minds of the jury, on competent evidence, that the transfer, in some form or other, has been accepted by Roberts, and the possession fully enjoyed, accordingly.   The latter clause of the instructions, is understood to imply, only, that if the jury believed the foregoing inference,

to be a fair presumption, the evidence was sufficient to enable Stodder to maintain his action, against Roberts.

In this view of the case, we think there was no error, either in refusing to charge as requested, or in giving the instructions to the jury, as was done in the Circuit court: and, that the judgment must be affirmed.